# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FRANKLIN W. DAVIS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00611 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **ROANOKE CITY JAIL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Franklin W. Davis, Pro Se Plaintiff.*

The plaintiff, Franklin W. Davis, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he was not provided medical care at the jail for his broken finger. Because his Complaint fails to state a claim upon which relief could be granted, I will summarily dismiss the action.

In his Amended Complaint, Davis alleges that on January 3, 2022, he entered the Roanoke City Jail to serve time for a probation violation. During an intake interview with a nurse about his medical issues, Davis allegedly stated his belief that his "left ring finger could possibly be broken." Am. Compl. 3, ECF No. 4. The nurse allegedly stated that she would schedule Davis to see the doctor and have an X ray. No one provided Davis with these services. Nearly a month later, officials transferred Davis to the Botetourt County Jail for five days. During that time,

officials at that jail x-rayed his hand, told him that he had a fractured finger, and scheduled him to see an orthopedic doctor. Davis attended that appointment. The doctor straightened out the finger and put it in a cast. At present, Davis is once again incarcerated at RCJ. He asserts, "I believe the structural integrity of the Roanoke City Jail has been compromised. Please help!" *Id.* at 4. His Amended § 1983 Complaint sues the Roanoke City Jail as the only defendant and seeks financial compensation and an apology.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Davis identifies the Roanoke City Jail itself as the defendant in this case. A local jail facility cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks,

citation, and alteration omitted).  Under this precedent, Davis has stated no actionable claim against the Roanoke City Jail.

Because the Amended Complaint does not state any claim against the defendant, I will summarily dismiss this action without prejudice, pursuant to § 1997e(c)(1).  An appropriate order will enter herewith.  Dismissal of the action without prejudice leaves Davis free to refile his claims in a new and separate civil action if he can correct the factual deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED:   November 23, 2022

/s/  JAMES P. JONES
Senior United States District Judge